UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Arpad Zaraa, | ) | CASE NO. 5:20 CV 1854 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker ("R&R")(Doc. 17) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the R&R, provides in part:

**(b) Dispositive Motions and Prisoner Petitions.**

1

> The district judge must determine de novo any part of the
> magistrate judge's disposition that has been properly objected to.
> The district judge may accept, reject, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

### ANALYSIS

Plaintiff filed two objections to the R&R.  Each will be addressed in turn.

1.      The subpoenas

Prior to the administrative hearing in this matter, plaintiff's counsel requested that the Administrative Law Judge ("ALJ") issue subpoenas to Charter Communications and The Rail, two of plaintiff's former employers.  In his request, plaintiff indicated that the subpoenas were required in order to obtain "information that is material and relevant to a full and fair adjudication of [plaintiff's] claim."  (Doc. 427).  Later, upon determining that the ALJ had not yet issued the subpoenas, plaintiff again renewed his request indicating that the records are "pertinent to the issues in this case involving [substantial gainful activity] and the character of any work attempt."  (Tr. 443).  At the hearing in this matter, the ALJ indicated as follows, "[You] did request in a timely manner a subpoena to get employment records from Charter Communication and The Rail restaurant."  (Tr. 38-39).  The ALJ, however, denied the request:

> The undersigned hereby denies this request for subpoena. First, the request, although timely, did not contain sufficient rationale for the importance of these records. Second, the claimant was present at the hearing, and was able to testify to both his earnings and the various time frames for his employment at these jobs. Thus, the subpoena is

unnecessary, as the claimant's recollections are adequate for the matter at bar. (Tr. 16).

The Magistrate Judge determined that the ALJ did not abuse her discretion in denying the request to issue subpoenas. Plaintiff objects to this determination on the grounds that the subpoenas were properly supported. In addition, the ALJ further indicated that she would rely instead on plaintiff's testimony regarding his absenteeism, but ultimately discredited him.

Upon review, the Court agrees with the Magistrate Judge. As noted by the Magistrate Judge in the R&R, 20 C.F.R. § 416.1450(d)(2) requires that a party requesting a subpoena sufficiently identify the materials sought and further identify the importance of the facts and indicate why the facts could not be proven by other means. Plaintiff's request does not meet these requirements. In the letter to the ALJ requesting the subpoenas, plaintiff indicated only that the requested materials were "relevant to a full and fair adjudication of this claim." And, as the Magistrate Judge points out, plaintiff provided the ALJ with the letters he sent to the two employers requesting information. In those letters, plaintiff generally indicated only that he sought the information because previous work attempts can affect eligibility. The ALJ determined that the request "did not contain sufficient rationale for the importance of these records." Although arguably plaintiff articulated some basis for his request, the Court agrees with the Magistrate Judge that the ALJ did not abuse her discretion in determining that the basis was not sufficiently detailed regarding the importance of the records. Therefore, the objection is rejected.

2. Dr. Frye's opinion

The Magistrate Judge recommends that the Court find that the ALJ properly evaluated

3

the opinion of Dr. Frye.  Dr. Frye opined, among other things, that plaintiff "would be absent from work more than three times per month, and would be off-task 15% or greater during the workday."  (Tr. 24).  In her analysis, the ALJ found Dr. Frye's opinion persuasive in general, but not "fully persuasive regarding the absenteeism and off-task behavior, as the plaintiff has demonstrated his ability to perform goal-oriented work without excessive absenteeism or distraction." (Id.).  Plaintiff objects on the basis that the evidence does not support this conclusion.  Upon review, the Court finds that plaintiff's objection is not well-taken.  The Magistrate Judge acknowledges that plaintiff's own testimony demonstrates that he did have some history of absenteeism with respect to certain employment.  There is other evidence in the record, however, supporting the ALJ's determination.  The Court agrees with the Magistrate Judge that evidence that plaintiff successfully completed a multi-month contract with the Cleveland Clinic is sufficient to support the ALJ's determination that Dr. Frye's opinion is not fully persuasive on this point.  Because there is substantial evidence in the record to support the ALJ's determination, the Court will not disturb the decision even though evidence exists to support a different conclusion.

**CONCLUSION**

This Court, having reviewed the R&R and finding plaintiff's objections without merit, hereby accepts the R&R.  The decision of the Commissioner is AFFIRMED for the reasons herein and in the R&R, which is incorporated by reference.

IT IS SO ORDERED.

Dated: 2/24/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge